# CIRCUIT COURT OF BALTIMORE CITY

Filed April 23, 1891.

EX PARTE IN THE MATTER OF THE TRUST ESTATE OF MAX JUHN AND AARON ADLER, CO-PARTNERS, TRADING AS JUHN & ADLER.

DENNIS, J.—

In the matter of the exceptions of the National Mechanics' Bank and others to the auditors' account in this case, I am of the opinion that the notes taken by the claimants as collateral security were not in any proper sense *collateral* security at all. They were but duplicated security for the same debt, the only real security in the case of each set of notes being the credit of Juhn & Adler. There was but *one debt*, and it is a fundamental rule that the same debt cannot be proven twice; and it can be placed in no better position by *repeating* the *evidences* of it. The case of Woods, Weeks & Co., 52 Md., proceeded upon the theory that the notes of debtors taken as collateral security there, had been sold to bona fide purchasers under an *express power of sale* contained in the contract, and that Garrett & Co., in selling simply exercised a right to which they were entitled under their contract, and hence the proof by the purchasers for the full amount of the notes constituted no bar to Garrett's proving for the balance of their claim. That case has no proper analogy to the case under consideration, which, in my opinion, falls clearly within the ruling in "In re Blakely Ordinance Co., 8 Equity Cases (Law Reports), 244."

# ORPHANS' COURT OF BALTIMORE CITY

Filed April 24, 1891.

IN THE MATTER OF THE ESTATE OF JOHN B. CUNNINGHAM, DECEASED.

LINDSAY, GANS and EDWARDS, JJ.—

The Orphans' Court of Baltimore City has filed its opinion in the case of the application of Thomas M. Lanahan, executor of the last will of the late James B. Cunningham, to require Catherine Donnelly and other non-resident caveators to give security for costs, and reversed a custom of that Court which has prevailed for more than twenty years. The opinion says:

"It is not necessary to give a detailed statement of the facts in the case. It is sufficient to say that the Court has considered the facts and arguments of counsel pro and con, and has followed those arguments by a minute personal examination of the history of the laws and the various decisions of the higher Courts in regard to it, and, as a result, has been led to the opinion that the power to lay said rule for the security of costs on plaintiffs, not resident in this State (though it has been the ordinary practice by statutory authority in our Courts of law and equity for many years), has never been given to Orphans' Courts. It is, therefore, ordered that the motion be and is hereby dismissed with costs."

The non-resident caveators were represented by Wm. S. Bryan, Jr., Savage & Taylor, Isidor Rayner and George D. Penniman, and the executor by Frank Gosnell.